IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

---

# ORDER

---

This matter comes before the Court on the United States' Motion to Require Defendant Blake to Provide Expert Disclosures by a Date Certain and Require Defendants to Comply With Expert Disclosure Obligations [Docket No. 620]. Defendant Rickie Blake filed an individual response. Docket No. 634. The other defendants filed a joint response to the motion. Docket No. 635.

On October 6, 2021, the government learned that Mr. Blake may call Dr. Aparna Sengupta, who has not been disclosed, as an expert witness. Docket No. 620 at 3. The government surmises that Dr. Sengupta is expected to testify as an economic expert. *Id*. The government asks the Court to require Mr. Blake to disclose Dr.

Sengupta's qualifications, opinions, and bases and reasons for these opinions. *Id.* Without this information, the government argues, defendants may attempt to introduce irrelevant evidence of a similar vein to the evidence the government seeks to preclude Professor Edward Snyder from testifying about. *Id.*

Mr. Blake argues that, because he did not request expert discovery from the government, he is not required to make a reciprocal disclosure under Fed. R. Crim. P. 16. Docket No. 634 at 1-2. Under Rule 16(b)(1)(C):

> Expert witnesses.--The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if--
> (i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or
> (ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.
> This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed. R. Crim. P. 16(b)(1)(C). Given that Mr. Blake did not make an disclosure request, this provision is not applicable to him. *See United States v. Raheja*, 2020 WL 7769725, at *5 (N.D. Ohio Dec. 30, 2020) (noting that, under similar language of Rule 16(b)(1)(A), "the defendant's duty to disclose is not triggered until the government complies with the defendant's discovery requests"); *cf. United States v. Nacchio*, 555 F.3d 1234, 1237 (10th Cir. 2009) (en banc) ("It is undisputed that a Rule 16 disclosure was required in this case, because Mr. Nacchio previously had requested, pursuant to Fed.R.Crim.P. 16(a)(1)(G), a summary of any expert testimony the government intended to use during its case[-]in-chief at trial."). The Court has not located any authority indicating that requests by other defendants for expert discovery would require Mr. Blake to provide

reciprocal discovery. *Compare United States v. Palmer*, 884 F. Supp. 2d 22, 33 (W.D.N.Y. 2012) (finding that defendants who joined in co-defendants motions for expert disclosure were obligated to provide reciprocal discovery). The joint response of all defendants besides Mr. Blake clarifies that "Dr. Sengupta is the witness for one and only one defendant—Mr. Blake." Docket No. 635 at 2. Accordingly, the Court will deny the government's motion to compel disclosures with respect to Dr. Sengupta.

However, acknowledging that the Court will need to perform its gatekeeping function under *Daubert*, Mr. Blake states that the Court could perform an in camera review of Dr. Sengupta's opinions and the basis for their admissibility under Rule 702. Docket No. 634 at 7-10. The Court finds no need for an in camera submission at this time. As Mr. Blake acknowledges, "[t]o the extent that the Court has ruled any area of inquiry irrelevant, plainly Mr. Blake would not inquire of his expert witness about those areas." *Id.* at 8. The Court has ruled on the government's motion regarding defendants' other experts, including Professor Snyder. Docket No. 649. Those rulings will provide parameters for Dr. Sengupta's testimony assuming her testimony is similar to the concerns the government had regarding Professor Snyder's testimony.

The government additionally asks the Court to require defendants to disclose any other expert witnesses not previously disclosed in order to avoid delays at trial. Docket No. 620 at 5-6. The Court assumes that those defendants who have requested expert discovery from the government have complied with the expert witness disclosure deadline. However, for defendants who have not requested expert discovery from the government, there is no reciprocal requirement.

Wherefore, it is

**ORDERED** United States' Motion to Require Defendant Blake to Provide Expert Disclosures by a Date Certain and Require Defendants to Comply With Expert Disclosure Obligations [Docket No. 620] is **DENIED**.

DATED October 19, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge