IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

5.  TIMOTHY R. MULRENIN, and
9.  GARY BRIAN ROBERTS,

    Defendants.

## ORDER

This matter comes before the Court on the Motion for Mistrial or, in the Alternative, for Curative Instructions [Docket No. 812] of Timothy Mulrenin and Gary Brian Roberts. The government has filed a response. Docket No. 840. Mr. Mulrenin and Mr. Roberts, former employees of Tyson Foods ("Tyson"), ask the Court to grant a mistrial or to give a limiting instruction based on the government's introduction of evidence they claim was not charged against them in the superseding indictment. Docket No. 812 at 1-2. Mr. Mulrenin and Mr. Roberts argue that the superseding indictment does not charge them with respect to the 2015 Golden Corral negotiations. *Id.* at 6-8. Specifically, they claim that the government improperly elicited testimony from Telly Smith, who is a Golden Corral employee, regarding Tyson's bid to supply broiler chicken parts to Golden Corral, when the government knew that Mr. Mulrenin and Mr. Roberts did not have any involvement in the Tyson bid submission. *Id*. Mr. Mulrenin and Mr. Roberts argue that, while this was "the most egregious example of the

Government's obfuscation to date," the government engaged in the "same hijinks" during its examination of witnesses Michael Ledford and Robbie Bryant. *Id.* at 9. Mr. Roberts and Mr. Mulrenin assert that the government's actions amount to a constructive amendment of the superseding indictment. *Id.* at 4. The government responds that the jury may consider evidence of a conspiratorial episode against Mr. Mulrenin and Mr. Roberts even if they were not involved in that particular episode. Docket No. 840 at 3.

## I. LEGAL STANDARD

The "district court has discretion to grant a mistrial only when a defendant's right to a fair and impartial trial has been impaired." *United States v. Perrault*, 995 F.3d 748, 780 (10th Cir. 2021) (quoting *United States v. Meridyth*, 364 F.3d 1181, 1183 (10th Cir. 2004)). "In assessing whether that right was impaired, we consider 'the prejudicial impact of an error or errors when viewed in the context of an entire case.'" *Id.* (quoting *Meridyth*, 364 F.3d at 1183).

"It is a fundamental precept of federal constitutional law that a court cannot permit a defendant to be tried on charges that are not made in the indictment." *United States v. Williamson*, 53 F.3d 1500, 1512 (10th Cir. 1995) (alteration, internal quotation marks, and citation omitted). The Tenth Circuit recognizes two types of variances: simple variances and constructive amendments. *United States v. Koerber*, 10 F.4th 1083, 1115 (10th Cir. 2021).

> At one end of the variance spectrum is a simple variance, which occurs when the charging terms are unchanged, but the evidence at trial proves facts materially different from those alleged in the indictment. . . . At the other end of the spectrum is a more severe alteration known as a constructive amendment. A constructive amendment occurs when the district court's instructions and the proof offered at trial broaden the indictment.

*Id.* at 1115-16 (alteration, internal quotation marks, and citation omitted).  The Court will consider these factors when evaluating the mistrial motion.

## II.  ANALYSIS

Mr. Mulrenin and Mr. Roberts argue that there has been a constructive amendment by the government.  Docket No. 812 at 5-6.  They argue that the government has broadened the charges against them because "the Superseding Indictment charges Mr. Mulrenin and Mr. Roberts with involvement in five of the fourteen listed episodes," but the government has introduced evidence against Mr. Mulrenin and Mr. Roberts with respect to episodes not "charged" against them in the indictment.  *Id.* at 6-8.

"In assessing a claim of an impermissible constructive amendment, our ultimate inquiry is whether the crime for which the defendant was convicted at trial was charged in the indictment; to decide that question, we therefore compare the indictment with the district court proceedings to discern if those proceedings broadened the possible bases for conviction beyond those found in the operative charging document."  *United States v. Miller*, 891 F.3d 1220, 1231-32 (10th Cir. 2018) (quoting *United States v. Farr*, 536 F.3d 1174, 1180 (10th Cir. 2008)).

### A.  Ripeness of Constructive Amendment Argument

For the following reasons, the Court will deny the motion for mistrial as premature.  As noted above, a constructive amendment "occurs when the evidence presented at trial, together with the jury instructions, 'so alter[s] [the indictment] as to charge a different offense from that found by the grand jury.'"  *Farr*, 535 F.3d at 1180

(quoting *United States v. Miller*, 471 U.S. 130, 144 (1985)).  Mr. Mulrenin and Mr. Roberts filed their motion while the government's case-in-chief was ongoing.  They do not explain how a constructive amendment could have occurred at that stage in the trial.  *See generally* Docket No. 812.

The Court finds *United States v. Burgos-Montanez*, 2018 WL 2709758 (D.V.I. June 4, 2018), to be instructive.  In that case, the defendant was charged with two counts in a six-count indictment; count one was a conspiracy to possess a controlled substance with intent to distribute and count six was possession of cocaine with intent to distribute.  *Id.* at *1-2.  While the government's case-in-chief was ongoing, the defendant argued that the evidence at trial would prove, at most, his participation in a single alleged event in the indictment and not the broader drug conspiracy charged.  *Id.* at *2-3.  The court found the "adjudication at this time of the claimed variance would be premature.  Indeed, the Court notes that the mere fact the Indictment alleges [defendant's] participation in only one event does not compel a finding that he was not a member of the broader conspiracy charged."  *Id.* at *3.  The court noted that a defendant may move for a judgment of acquittal under Rule 29 if the defendant asserts that the government, despite alleging a single conspiracy, presented evidence only of multiple, smaller conspiracies.  *Id.*  The court also noted that a defendant may request that the jury be instructed on the possibility that multiple conspiracies existed, *id.*, as the defendants here have.  *See* Docket No. 592 at 27 (defendants' proposed jury instructions, which include informing the jury that "you must acquit defendants if you find there was not a single, overarching conspiracy to fix prices or rig bids for broiler chicken products sold in the United States beginning around 2012 and continuing until around

4

early 2019. Proof of several separate conspiracies is not proof of the single, continuing conspiracy charged, unless one of the several conspiracies which is proved is the single conspiracy charged."). Mr. Mulrenin and Mr. Roberts' motion is premature – it was based on the state of the evidence in the midst of the government's case-in-chief and "presentation of the issue to the court for resolution prior to the conclusion of the prosecution's case-in-chief is premature." *Burgos-Montanez*, 2018 WL 2709758, at *3.

Accordingly, the Court finds that the motion for a mistrial or limiting instruction based on a constructive amendment of the indictment is premature and will deny it.

### B.  Alleged Prosecutorial Misconduct

Having found that the motion is premature with respect to asserting a constructive amendment, the Court will nonetheless consider Mr. Mulrenin and Mr. Roberts' argument with respect to alleged prosecutorial misconduct. They argue that the prosecution is intentionally misleading the jury and obfuscating the charged conduct in violation of the prosecutorial standards of the American Bar Association ("ABA"). *See* Docket No. 812 at 13-15. They argue that "[t]he Court should not allow the Government to elicit testimony about the general involvement of Tyson without clarification as to whether that involvement relates to Mr. Mulrenin or Mr. Roberts." *Id.* at 11.

The Court rejects this argument for two reasons. First, the Local Rules for the District of Colorado, with certain exceptions, adopt the Colorado Rules of Professional Conduct. *See* D.C.COLO.LAtty R 2(a); *see also United States v. Elliott*, 684 F. App'x 685, 690 (10th Cir. 2017) (unpublished) ("As a general rule, an Assistant U.S. Attorney is bound by the ethical rules of the state where he or she practices."). Local Rule 7 sets forth the procedures for complaints and grounds for discipline. *See* D.C.COLO.LAttyR

7. Mr. Mulrenin and Mr. Roberts cite the ABA Criminal Justice Standards for the Prosecution Function.  *See* Docket No. 812 at 13.  The ABA standards themselves state that "[t]hey are aspirational or describe 'best practices,' and are not intended to serve as the basis for the imposition of professional discipline, to create substantive or procedural rights for accused or convicted persons, to create a standard of care for civil liability, or to serve as a predicate for a motion to suppress evidence or dismiss a charge."  *ABA Standards for Criminal Justice Prosecution Function* 3-1.1(b) (4th ed. 2017); *cf. Bobby v. Van Hook*, 558 U.S. 4, 8 (2009) (per curiam) (stating that "American Bar Association standards and the like are only guides to what reasonableness means, not its definition" when evaluating whether counsel's performance falls below an objective standard of reasonableness in light of prevailing professional norms under *Strickland v. Washington*, 466 U.S. 668 (1984) (internal quotation marks omitted)).  Mr. Mulrenin and Mr. Roberts fail to show how alleged violations of aspirational ABA standards warrant a mistrial when the relevant standards are the Colorado Rules of Professional Conduct.

      Second, Mr. Mulrenin and Mr. Roberts do not show how the prosecution has contravened any of the ABA standards they cite.  The fact that they are the two former Tyson employees on trial does not mean that the prosecution cannot ask witnesses whether Tyson submitted bids in episodes of the indictment that do not name Mr. Mulrenin and Mr. Roberts.  Asking Mr. Smith whether Tyson bid on the 2015 Golden Corral 8-piece COB contracts, which Tyson in fact did, does not contravene the admonition that "[t]he prosecutor should not make a statement of fact or law, or offer evidence, that the prosecutor does not reasonably believe to be true."  *ABA Standards*

*for Criminal Justice Prosecution Function* 3-1.4(b) (4th ed. 2017).  As the government notes, on cross-examination counsel for Mr. Mulrenin elicited testimony from Mr. Smith that Mr. Smith had not had contact with either Mr. Mulrenin or Mr. Roberts during the negotiations.  Docket No. 840 at 4.

With respect to the testimony of Mr. Bryant on Exhibit 1919, Mr. Mulrenin and Mr. Roberts state that the government "elicited knowingly false testimony" from Mr. Bryant regarding whether the numbers he wrote on the exhibit were competitors' current or future pricing.  Docket No. 812 at 14.  Mr. Bryant testified that it was his understanding that the numbers he had written down on Exhibit 1919 with respect to other chicken suppliers were future pricing.  Docket No. 860 at 125.  To the extent defendants believe this is incorrect, they may provide contradictory evidence.  Mr. Mulrenin and Mr. Roberts have not shown that the government has violated the ABA admonition that a prosecutor should correct a false, material fact.[1]  *See ABA Standards for Criminal Justice Prosecution Function* 3-1.4(b) (4th ed. 2017).  With respect to evidence introduced regarding Mr. Mulrenin and Mr. Roberts before the date the Court found they joined the conspiracy in the *James* order, as the Court has repeatedly stated, "previous statements made by co-conspirators are admissible against a defendant who subsequently joins the conspiracy."  *United States v. Brown*, 943 F.2d 1246, 1255 (10th Cir. 1991).

---

[1] The Court additionally notes that, to the extent Mr. Mulrenin and Mr. Roberts are arguing that the alleged obfuscation and misleading actions of the prosecution are, in addition to an ethical violation, a cause of a constructive amendment, *see* Docket No. 812 at 9-12, that argument is denied as premature for the reasons given above.

The Court will deny Mr. Mulrenin's and Mr. Roberts' motion for a mistrial or, in the alternative, limiting instruction.  The Court finds that the request is premature.  To the extent the motion seeks a hearing on misconduct by the prosecution, the Court will deny it for the reasons stated above.

For the foregoing reasons, it is

**ORDERED** that the Motion for Mistrial or, in the Alternative, for Curative Instructions [Docket No. 812] of Timothy Mulrenin and Gary Brian Roberts is **DENIED**.

DATED December 3, 2021.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge